SUCCESSORS OF ABARCA, LTD., PLAINTIFFS AND APPELLEES, *v.*
NONES, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in an
Action of Debt.

No. 3236.—Decided July 11, 1924.

PLEADIN · —DEMURRER—COUNTERCLAIM—ANSWER—LITIS PENDENCIA—EVIDENCE.—
Under section 108 of the Code of Civil Procedure a defendant who counter-
claims may demur on the ground of *litis pendencia* and that defense should
not be considered as abandoned because at the trial the defendant first
offered the evidence referring to other pleas and left the evidence pertinent
to the plea of *litis pendencia* for the last.

The facts are stated in the opinion.

*Mr. C. Brunet* for the appellant.

*Mr. H. G. Molina* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

Successors of Abarca brought an action against Adolfo
Nones to recover a debt of $3,747.37. In his answer the de-
fendant alleged as a first defense that there was pending
in the District Court of Ponce another action between the
same parties for the same amount. He also filed a counter-
claim against the plaintiffs for the sum of $7,775 as dam-
ages.

When the case was called for trial both parties announced
that they were ready. The evidence was examined and the
court rendered judgment sustaining the complaint and dis-
missing the counter-complaint. The defendant appealed and
assigned several errors, among them one concerning his
defense of *litis pendencia* which was overruled by the dis-
trict court.

The grounds on which the trial court overruled the first
defense of the defendant are stated in its opinion as follows:

"The first question to be decided is whether the plea of *litis
pendencia* set up as the first defense in the answer to the complaint
should be sustained. In support of this defense the defendant pre-
sented a certificate of the clerk of the District Court of Ponce to

which we have referred. The plaintiff offered another certificate to show that on July 14, 1922, it withdrew the previous action by motion made in the District Court of Ponce and deposited $25 for the costs. From this latter certificate it further appears that the judge of that court granted the motion and ordered that the plaintiff be considered as having abandoned the said action. On the same 14th day of July the original complaint in this suit was filed in this court and five days later the judge of the court of Ponce reconsidered, at the instance of the defendant, the order of abandonment.

"It might perhaps be claimed with some degree of reason that as the plaintiff abandoned the previous action in the court of Ponce and the court approved the abandonment, there was no action pending when this action was brought; but for the purposes of this decision we shall rely on the attitude assumed by the defendant and counter-paintiff in this court in the present action. He did not limit himself to pleading the said special defense and waiting for the court's decision which perhaps might have put an end to this suit; but in answering the complaint he set up as a second defense facts tending to support a cause of action against the plaintiff for the non-performance of a certain contract and prayed for affirmative relief against the plaintiff in a certain sum of money as damages. It is very difficult to fail to notice that these two defenses refute each other. The first tends to deny the jurisdiction of this court in the case because another court had previously acquired jurisdiction in an action pending between the same parties for the same cause. And the second admits the jurisdiction when the defendant and counter-plaintiff invokes the jurisdiction of this court in praying for affirmative relief against the plaintiff. Furthermore, at the trial his attorney announced that he was ready to present his case. The plaintiff moved for judgment on the pleadings because the allegations of the complaint had not been denied. Over the objection of the defendant the plaintiff proceeded to offer its evidence and when it rested it appears logical that the defendant should have insisted on a ruling on his plea of *litis pendencia* as a question of law, and if necessary to have offered in support thereof the documents showing the pendency of the other suit in another court. He did not do so, but proceeded to offer his evidence on the merits of his counter-complaint.

"We are constrained to conclude that by this attitude the counter-plaintiff waived his first defense by discarding it and submitted to

the jurisdiction of this court in order to obtain affirmative relief against the plaintiff.

"See 1 Cyc. 135, 136."

In order to circumscribe the controversy to its proper limits it should be explained that although the plaintiffs brought this action in San Juan on the day after they had moved for and obtained the order of abandonment from the District Court of Ponce and before that order had been reconsidered, that fact is not decisive. Notwithstanding the fact that this is a contentious action the motion of withdrawal by the plaintiffs was filed and ruled on without the knowledge of the adverse party who had already been summoned and had filed his answer and counter-complaint to recover $7,775, and it is well known that according to section 192 of the Code of Civil Procedure the plaintiff may withdraw his complaint at any time before trial, upon the payment of the costs, *provided a counter-claim has not been made or affirmative relief sought by the cross-complaint or answer of defendant.* Although it had already been entered, the order of the district court could not be considered final when the plaintiffs brought the action anew in San Juan. We say anew because the suit was first brought in San Juan and by a motion for change of venue was transferred to Ponce and later brought again in San Juan.

Could the defendant plead *litis pendencia* and set up a counter-claim at the same time, and then at the trial present all of his evidence?

We have seen that the district court cites in support of its decision the following authority: 1 Cyc. 135–136. The appellee in his brief only narrates the facts, referring to the opinion of the court, and cites 1 C. J. 271, par. 598, without an analysis of the cases. When at the trial the defendant offered his evidence on the plea of *litis pendencia*, the record shows that only the following occurred:

"Counter-plaintiff: Then we offer in evidence a certificate of the clerk of the District Court of Ponce showing that this action

of debt, this counter-complaint and other proceedings are pending in the District Court of Ponce.

"Counter-defendant: I object because the counter-plaintiff has waived that defense by having presented his evidence.

"Judge: Admitted.

"Counter-defendant: Exception.

"Counter-plaintiff: That is our case."

Let us return to the citation from Cyc. The text reads as follows:

"In some states the continuance of a cause without a disposition of a plea in abatement previously filed is a waiver of such plea. But where the continuance is had by consent or is for the purpose of trying the issues raised by the plea in abatement, the rule in such jurisdictions has been held to be otherwise." 1 Cyc. 135–136.

"As a general rule the interposition of a plea in bar and proceeding to trial on the merits before a previously filed plea in abatement has been disposed of is a waiver of such plea, even though issue has been joined on a replication to the plea in abatement." 1 Cyc. 136.

The first paragraph is not in point. The second is, but the decisions that support it proceed from States where apparently the practice is different from that prevailing in Porto Rico. For example, in Louisiana it was held in one of the cases cited in the note 'that "The plea of *lis pendens* is a declinatory exception, and cannot be permitted in an answer to the merits; and if incorporated in an answer, it is thereby waived and loses its efficacy as an exception." *Mix* v. *His Creditors*, 39 La. Ann. 624.

But that is not the case in Porto Rico. Here a defendant who can not plead in the form of a demurrer the existence of an action pending between the same parties for the same cause for the reason that such fact does not appear from the face of the complaint, may do so, as did the defendant in this case, as one of the defenses in his answer, in accordance with section 108 of the Code of Civil Procedure which provides that "When any of the matters enu-

merated in section 105 do not appear upon the face of the complaint, the objection may be taken by answer."

Section 108 of our Code of Civil Procedure is the same as section 433 of the California Code, and the Supreme Court of that State has said:

"Under the common law pleas in abatement could only be interposed before a plea to the merits, but under the California Code of Civil Procedure, all defenses may be included in one answer. In California, where the defendant relies upon a plea in abatment and also upon pleas which go directly to the merits of the cause, the trial court should require the defendant to present his evidence upon his plea of abatement at the opening of his defense, for if it proves to be meritorious, it will in many cases save much useless labor and great expense in litigating other defenses." 1 Cal. Jur. 80.

We admit that the practice followed in this case was bad. Why introduce evidence on the merits when the evidence would have been entirely useless if the first defense had been sustained? But we do not believe that the absence of logic in the attitude of the defendant can operate to deprive him of an acquired right.

Rule 20 of those governing the trial of cases and examination of evidence in the district courts clearly determines the order to be followed in the trial of civil cases. If the court had enforced its own rule, when the defendant read his pleadings the court could have understood the questions involved and could have directed the argument and ordered that the question of *litis pendencia* be considered and decided first. Although responsibility for the manner of presenting his case rests directly on the attorney, the court controls the direction of the argument.

For all of the foregoing we are of the opinion that the court erred in holding that the defendant abandoned his first defense, and considering the said defense in accordance with the facts and the law, we think that it should have been sustained, inasmuch as it was proved that there was an action pending in Ponce between the same parties and for

the same cause, which had been brought before and in which issue had been joined. The opinion of this court in the case of *Successors of Abarca* v. *Nones et al.,* 30 P.R.R. 810, can not be given the extent pointed out by the appellees. The fact that an appeal was taken from the order granting a change of venue did not set aside the subsequent action of the defendant. The appeal did not stay the course of the suit and the said party was obliged to continue presenting his pleadings within the period fixed by the law. The legal status created by the abandonment by the plaintiffs as to one of the defendants, as analyzed in the said opinion, was different.

For the foregoing reasons the appeal must be sustained and the judgment reversed and substituted by another dismissing the complaint with costs against the plaintiffs, but it is understood that the costs do not include attorney's fees.

*Reversed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.